IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLSON JONES,

        Petitioner,

vs.                                                                                                        No. CIV 19-0727 JB/KRS

DWAYNE SANTIESTEVAN,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed August 8, 2019 (Doc. 1)("Petition"). The Court will dismiss the Petition, because Petitioner Carlson Jones is not entitled to § 2254 relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

Jones filed his Petition in this Court on August 8, 2019. See Petition at 1. In his Petition, Jones challenges his convictions and sentence in State of New Mexico case no. D-202-CR-2015-01017. See Petition at 1. A New Mexico grand jury indicted Jones on April 14, 2015.[1] On October 13, 2015, a twelve-person jury convicted Jones of one count of aggravated battery with a deadly weapon, one count of leaving the scene of an accident, one count of reckless driving, and

---

[1] The Court has reviewed the official record in Jones' State court proceedings through the New Mexico Supreme Court's Secured Online Public Access and takes judicial notice of the official New Mexico court records. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that a court may take judicial notice of publicly filed records concerning matters that bear directly upon the disposition of the case before the court); Stack v. McCotter, 79 F. App'x 383, 391 (10th Cir. 2003)(unpublished)(noting that a State court's docket sheet is subject to judicial notice under rule 201 of the Federal Rules of Evidence); Shoulders v. Dinwiddie, No. CIV-06-890-C, 2006 WL 2792671, at *3 (W.D. Okla. 2006)(noting that a court may take judicial notice of State court records available on the world wide web).

two counts of criminal damage to property. See Petition at 1.

The New Mexico State district court entered judgment against Jones as a habitual offender and sentenced him to eight years of imprisonment. See Petition at 1. Jones appealed his convictions to the Court of Appeals of New Mexico. See Petition at 2. The Court of Appeals affirmed Jones' convictions. State v. Jones, No. A-1-CA-35265, 2018 WL 3425234 at *1 (Ct. App. N.M. 2018).

The underlying facts, as described by the Court of Appeals of New Mexico, are as follows:

> Defendant's convictions stem from an incident in which a group of bail bondsmen attempted to arrest him for failing to appear in court. New Mexico Bonding posted a bond for Defendant in association with a charge against him for driving with a revoked license. Defendant failed to show up for court appearances. As of March 2015, New Mexico Bonding had been attempting to locate Defendant for approximately six months, without success.
>
> Aaron Alberti (Victim), a bail bondsman for New Mexico Bonding, eventually received a tip about Defendant's whereabouts and that his vehicle was parked in the carport of an apartment complex in Albuquerque. Based on this tip, Victim, four other bail bondsmen (Richard Montoya, Gabriel Diaz, Joe Nash, and Felipe Tapia), and Joe Nash's fiancee, Crystal Baca went to the apartment complex to arrest Defendant, but when they arrived, Defendant's vehicle was gone. While they waited for Defendant to return, Victim and the other bail bondsmen discussed the layout of the apartment complex and how best to position themselves and their cars so that when Defendant returned, he would not be able to get away. All of the bail bondsmen had a badge or logo on their vest identifying themselves as such. They were also carrying equipment, including firearms, tasers, mace, handcuffs, and flashlights.
>
> Defendant returned to the apartment complex a couple of hours later, around midnight, and backed his vehicle into a parking space in the carport. The bail bondsmen approached Defendant's vehicle. Victim was positioned in front of Defendant's vehicle near one of the headlights and the other bondsmen were positioned on the sides of the vehicle. The bondsmen identified themselves, yelled at Defendant to get out of the car, and banged on the Defendant's driver's side window. In response, Defendant, who had met Victim before, looked directly at Victim with a "blank stare" and did not say anything. There was testimony that the carport had sufficient lighting to allow Defendant to see who the bondsmen were.
>
> Defendant's vehicle started "going back and forth like he was putting it in gear," and then "took off at a real high rate of speed out of that spot[,]" turning

toward the exit of the carport, which put Victim right "in the center of the car['s]" trajectory. This acceleration caused Victim to be struck by the vehicle and to fall onto the hood. After Defendant had already started to leave, Richard Montoya broke the Defendant's driver's side window "to neutralize" Defendant from running anyone over and so that Defendant would not smash Victim into a nearby wall. After rolling off the hood after the first hit, Victim was struck by Defendant's vehicle again. Victim drew his firearm and fired seven or eight shots at Defendant's vehicle as he was being pushed back by Defendant's vehicle during the second hit. As a result of these hits, Victim suffered sore knees, a sore back, and a headache. There was testimony that Defendant could have exited the parking space without hitting Victim if he had been driving slower.

      The carport was located in a narrow alleyway with one entrance and exit. Victim and Joe Nash (who was driving Crystal Baca's vehicle) had parked their cars between where Defendant was parked and the exit of the carport. As Defendant exited the alley, he collided "head-on" with Crystal Baca's vehicle. Defendant then "backed it up and ran over the driver's side portion of the car[.]" Crystal Baca was in the vehicle during this collision. Joe Nash testified that there was about $9000 in damage to Crystal Baca's car. Defendant also hit Victim's vehicle, causing minor damage. After a short chase, the bondsmen chose not to continue pursuing Defendant. There was testimony that Defendant could have exited the carport without hitting Crystal Baca and Victim's vehicles.

State v. Jones, 2018 WL 3425234 at *1-2.

Jones' raised two arguments on his direct appeal: (i) trial counsel was ineffective, because they did not argue or request that the jury be instructed on self-defense and duress as affirmative defenses to aggravated battery; and (ii) the State's evidence was insufficient to support convicting Defendant on any of the counts charged. See State v. Jones, 2018 WL 3425234 at *1. The Court of Appeals of New Mexico affirmed Jones' convictions in all respects. See State v. Jones, 2018 WL 3425234 at *6.

Jones filed his Petition pursuant to 28 U.S.C. § 2254 on August 8, 2019. See Petition at 1. In his Petition, Jones raises three grounds for relief:

> Ground One: Failure to raise or tender an instruction on self-defense to aggravated battery with a deadly weapon constitutes ineffective assistance of counsel.
>
> . . . .

>Ground Two: Failure to raise or tender an instruction on a duress defense for aggravated battery with a deadly weapon, leaving the scene of an accident, criminal damage to property and reckless driving constitutes ineffective assistance of counsel.
>
>Ground Three: The state[']s evidence was insufficient to support Mr. Jones' convictions because it failed to prove beyond a reasonable doubt that he acted with the requisite intent under the circumstances.

Petition at 14, 21. Grounds One and Two are substantively identical to the first issue Jones raised in his State court appeal, and Ground Three is the same as Jones' second appellate issue. See State v. Jones, 2018 WL 3425234 at *1; Petition at 14, 21. Jones requests that the Court "vacate his convictions for insufficient evidence or in the alternative, reverse and remand for a new trial at which Mr. Jones has a full and fair opportunity to raise his affirmative defenses and have a jury instruction on those defenses." Petition at 13.

## STANDARDS FOR § 2254 REVIEW

Jones is proceeding in this Court under 28 U.S.C. § 2254. See Petition at 1. A prisoner in State custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. See 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody, but also is available to attack a sentence of confinement that the petitioner will serve in the future. See Peyton v. Rowe, 391 U.S. 54, 66-67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 28 U.S.C. § 2254 sets limits on a federal court's power to grant an application

for a writ of habeas corpus. See 28 U.S.C. § 2254. If, as in this case, the application includes claims that have been adjudicated on the merits in State court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the State court rulings and requires that the State court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings in Supreme Court decisions as of the time of the relevant State court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a State court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A State court need not cite or even be aware of applicable Supreme Court decisions "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A district court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ because that court concludes that the State court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents. See Harrington v. Richter, 562 U.S. at 102.

## ANALYSIS

First, Jones raises two claims of ineffective assistance of counsel: (i) "Ground One: Failure to raise or tender an instruction on self-defense to aggravated battery with a deadly weapon constitutes ineffective assistance of counsel," Petition at 14; and (ii) "Ground Two: Failure to raise or tender an instruction on a duress defense for aggravated battery with a deadly weapon, leaving the scene of an accident, criminal damage to property and reckless driving constitutes ineffective assistance of counsel," Petition at 21. The Sixth Amendment to the Constitution of the United States, U.S. Const. amend. VI, states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to have the Assistance of Counsel for his defence." U.S. Const.

amend. VI. The Sixth and Fourteenth Amendments, U.S. Const. amends. VI, XIV, protect the right to effective assistance of counsel in State criminal proceedings, see Boyd v. Ward, 179 F.3d 904, 912 (10th Cir. 1999). To establish a constitutional claim of ineffective assistance of counsel, a movant must demonstrate: (i) that his counsel's performance was deficient, and (ii) that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. at 688. To establish prejudice, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. at 694. The likelihood of a different result must be substantial, not just conceivable. See Harrington v. Richter, 562 U.S. 86, 112 (2011).

In deciding Jones' identical ineffective assistance of counsel claims, the Court of Appeals of New Mexico states:

> "A prima facie case of ineffective assistance of counsel is made where: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." [State v. Lopez, 2018 NMCA-002, ¶18, 410 P.3d 226].
>
> . . . .
>
> Under these facts, we conclude that defense counsel's choice to not request jury instructions on the affirmative defenses of self-defense and duress was part of a plausible, rational trial strategy . . . . [E]ven if the evidence at trial was sufficient to warrant giving the instructions on self-defense and duress, pursuing these defenses would have been inconsistent with defense counsel's theory that Defendant lacked intent to injure Victim . . . . We conclude that Defendant failed to establish a claim of ineffective assistance of counsel.

State v. Jones, 2018 WL 3425234 at *2-3. Although the New Mexico court relies on State law, rather than federal law, New Mexico's formulation of the test for ineffective assistance of counsel

essentially is the same as and consistent with the Strickland v. Washington standard. See State v. Morgan, 2016-NMCA-089, ¶ 14, 382 P.3d 981, 985. Neither the reasoning nor the result of the New Mexico court decision contradicts Strickland v. Washington or other federal law. See Early v. Packer, 537 U.S. at 8. The Court of Appeals of New Mexico decision in State v. Jones is not contrary to and does not involve an unreasonable application of federal law. See Williams v. Taylor, 529 U.S. at 407-08; Harrington v. Richter, 562 U.S. at 98. Jones' Petition does not, therefore, establish a § 2254 habeas corpus claim based on ineffective assistance of counsel.

Jones also raises a question of the evidence's sufficiency to support his convictions, because Jones argues that the State did not prove beyond a reasonable doubt that he acted with the requisite intent under the circumstances. See Petition at 21. A sufficiency-of-the-evidence challenge in a habeas petition presents a mixed question of fact and law. See Brown v. Sirmons, 515 F.3d 1072, 1089 (10th Cir. 2008). Applying both 28 U.S.C. § 2254(d)(1) and (d)(2), the reviewing court must ask, when reviewing the evidence's sufficiency, whether the facts are correct and whether the law was properly applied to the facts. See Brown v. Sirmons, 515 F.3d at 1089 (quoting Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006)).

As in this case, a sufficiency challenge in a habeas petition generally focuses on evidence of guilt for the crimes charged. In Jackson v. Virginia, 443 U.S. 307, 319 (1979), a pre-AEDPA decision, the Supreme Court held that such evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. at 319. In federal habeas proceedings, where the State courts have resolved a sufficiency challenge on the merits, the AEDPA "adds an additional degree of deference," and the question becomes whether the State court's conclusion that the evidence was sufficient constitutes an unreasonable

application of the Jackson v. Virginia standard. See Diestel v. Hines, 506 F.3d 1249, 1267 (10th Cir. 2007); Patton v. Mullin, 425 F.3d 788, 796 (10th Cir. 2005). See also Coleman v. Johnson, 566 U.S. 650 (2012)(per curiam). The United States Court of Appeals for the Tenth Circuit refers to this standard of review as "deference squared." Young v. Sirmons, 486 F.3d 655, 666 n.3 (10th Cir. 2007)(quoting Torres v. Lytle, 461 F.3d 1303, 1313 (10th Cir. 2006)(internal quotation marks omitted)). See Hooks v. Workman, 689 F.3d 1148, 1165-66 (10th Cir. 2012).

The Court of Appeals of New Mexico expressly held that the evidence presented at trial was sufficient to uphold Jones' convictions. The Court of Appeals of New Mexico states:

> Based on the evidence presented at trial, we conclude, in addition to proving the other elements of aggravated battery with a deadly weapon, that the State presented sufficient evidence to establish that Defendant acted with intent to injure Victim when he hit him with his vehicle.
>
> . . . .
>
> Based on the evidence presented at trial, we conclude, in addition to proving the other elements of leaving the scene of an accident, that the State presented sufficient evidence to establish that Defendant acted intentionally when he failed to stop and give his name, address, and the registration of the vehicle he was driving after he was involved in an accident that resulted in injury to Victim.
>
> . . . .
>
> Based on the evidence presented at trial, in addition to proving the other elements of the two counts of criminal damage to property, we conclude that the State presented sufficient evidence to establish that Defendant acted intentionally when he damaged the property of Crystal Baca and Victim without their permission.
>
> . . . .
>
> Under the facts already described, and in addition to proving the other elements of reckless driving, we conclude that the State presented sufficient evidence to establish that Defendant drove recklessly. Defendant, in operating his vehicle, hit Victim with his vehicle twice, crashed into both Victim's and Crystal Baca's vehicles, and sped away from the scene of the accident.

State v. Jones, 2018 WL 3425234 at **4-6.

The question in this proceeding, then, is whether the Court of Appeals of New Mexico's decision constituted an unreasonable application of the Jackson v. Virginia standard. See Diestel v. Hines, 506 F.3d at 1267. As the Court of Appeals of New Mexico states, the evidence presented at trial is sufficient to establish, beyond a reasonable doubt, each of the elements of the crimes of aggravated battery, of leaving the scene of an accident, of criminal damage to property, and of reckless driving. See State v. Jones, 2018 WL 3425234 at \*\*4-6. The Court concludes that the Court of Appeals of New Mexico's conclusion is consistent with and a reasonable application of Jackson v. Virginia, because, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Harrington v. Richter, 562 U.S. at 98.

The Court of Appeals of New Mexico views the evidence in the light most favorable to the prosecution and concludes that the United States presented sufficient evidence to convict Jones. See State v. Jones, 2018 WL 3425234 at \*4. The Court of Appeals of New Mexico expressly applies a standard asking "'whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction.'" State v. Jones, 2018 WL 3425234 at \*4 (quoting State v. Suazo, 2017-NMSC-011, ¶ 32, 390 P.3d 674, 685). There is nothing in the Court of Appeals of New Mexico's opinion that is inconsistent with or an unreasonable application of Jackson v. Virginia. See Diestel v. Hines, 506 F.3d at 1267. Jones is not, therefore, eligible for § 2254 relief on his insufficient evidence claim. See Harrington v. Richter, 562 U.S. at 98.

## DENIAL OF A CERTIFICATE OF APPEALABILITY

Under rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it denies a habeas corpus petition. A certificate of appealability

may issue only if the petitioner has made a substantial showing of denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).  Jones has not shown a denial of a constitutional right, and therefore, the Court will deny a certificate of appealability.  See 28 U.S.C. § 2253(c).

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed August 8, 2019 (Doc. 1), is dismissed; and (ii) a Certificate of Appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Carlson Jones
Hagerman, New Mexico

    *Plaintiff pro se*